IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN LABORERS PENSION FUND,
WISCONSIN LABORERS HEALTH FUND,
BUILDING & PUBLIC WORKS LABORERS
VACATION FUND, WISCONSIN LABORERS
APPRENTICESHIP AND TRAINING FUND, JOHN J.
SCHMITT, WISCONSIN LABORERS DISTRICT
COUNCIL, BUILDING TRADES UNITED PENSION
FUNG, and SCOTT REDMAN,

                Plaintiffs,

  v.

R.L. DAVIS CONTRACTING SERVICES, LLC,

                Defendant.

ORDER

19-cv-400-jdp

---

      Plaintiffs are various funds operated for the benefit of associated trade unions. Plaintiffs allege that defendant R.L. Davis Contracting Services, LLC failed to make contributions into the funds as required by its collective bargaining agreement (CBA) with the unions. Defendant did not appear, answer, or defend the suit. The clerk entered default. Dkt. 16. Defendant appeared at a default judgment hearing on September 24, 2019, and the parties then attempted to work out a settlement. But that effort failed, and defendant has not appeared in this case since the hearing. Dkt. 23.

      I conclude that defendant has defaulted and that plaintiffs have thus established defendant's liability on claims under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1132 and 1145, and the Labor Management Relations Act, 29 U.S.C. § 185. But plaintiffs must still establish their entitlement to the damages they seek.

      Plaintiffs have renewed their motion for default judgment. Dkt. 34. At a second default judgment hearing, the court could not verify the damages sought by plaintiffs. The court also

raised the question of whether plaintiffs were seeking damages for periods outside the statue of limitations. Dkt. 46. Plaintiffs' corrected motion for default judgment, Dkt. 47, and motion for attorney fees, Dkt. 43, are now before the court.

I find that plaintiffs have adduced evidence that reasonably establishes the payments that should have been made by defendant.

But the remaining issue is the application of the statute of limitations. Plaintiffs filed this lawsuit on May 16, 2019. They seek damages dating back nearly nine years, to August 2010. Dkt. 47. Neither ERISA nor the LMRA contains a statute of limitations that applies to suits to collect delinquent employer contributions. Courts borrow from the most analogous state law statute of limitations, which is six years under Wisconsin contract law. Wis. Stat. § 893.43; *Ruppert v. Alliant Energy Cash Balance Pension Plan*, 726 F.3d 936, 941 (7th Cir. 2013).

Plaintiffs contend that they are entitled to the benefit of the discovery rule. If the discovery rule applies, the limitations period starts at the earlier of when the party knew of its injury or when it could have known of the injury through the exercise of reasonable diligence. Under Wisconsin law, the discovery rule does not apply to claims for breach of contract. *CLL Assocs. Ltd. P'ship v. Arrowhead Pac. Corp.*, 174 Wis. 2d 604, 607, 497 N.W.2d 115, 116 (1993) ("[U]nder § 893.43, a contract cause of action accrues at the moment the contract is breached, regardless of whether the injured party knew or should have known that the breach occurred.").

But there is support for the idea that ERISA claims are subject to the discovery rule, even though such claims borrow the limitations period from state law.[1] *Thompson v. Ret. Plan*

---

[1] That support is not unequivocal. The Supreme Court recently held that the discovery rule does not apply to certain federal consumer protection claims, and that courts should not automatically impose the discovery rule on federal causes of action. *Rotkiske v. Klemm*, 140 S. Ct. 355, 358 (2019).

*for Employees of S.C. Johnson & Son, Inc.*, 651 F.3d 600, 604 (7th Cir. 2011). If the discovery rule applies, the plaintiff has the burden of showing "that even with the exercise of reasonable diligence it could not have known of the purported injury." *Cathedral of Joy Baptist Church v. Vill. of Hazel Crest*, 22 F.3d 713, 717 (7th Cir. 1994).

Plaintiffs say that the Building Trades Fund first learned about defendant's obligation to make contributions in 2015, so they contend that the claim of the Building Trades Fund accrued then. But that establishes only actual knowledge. Plaintiffs do not show that the Building Trades Fund could not have discovered defendant's breach of its obligation to pay through the exercise of reasonable diligence. The unions affiliated with plaintiffs knew the identities of the signatories to their collective bargaining agreements. And the Wisconsin Laborers Healthcare Fund audited defendant in 2013. Plaintiffs say that the Healthcare Fund is a separate entity from the Building Trades Fund, and the knowledge of one fund should not be imputed to the other. I'm not so sure about that: the funds coordinate on their enforcement litigation, and in this case they figured out that some payments made to the Healthcare Fund really should be credited to the Building Trades Fund.

But plaintiffs miss a larger point: the Healthcare Fund was able to find out that defendant was obligated to pay into that fund and it audited defendant regularly starting in 2013. Information was somehow available, and the Healthcare Fund found it. The burden is on the plaintiffs to show that the Building Trades Fund could not have discovered that information by reasonable diligence. Plaintiffs make no such showing. Counsel argues that under the CBA, the employer is obligated under the honor system to report and pay, and the failure to pay is concealment that entitles the funds to simply sit back and wait. That argument

3

can't be squared with the law. The discovery rule requires diligence, which plaintiffs have not demonstrated.

I conclude that even if the discovery rule applies, plaintiffs are not entitled to the benefit of it. I will apply the Wisconsin six-year statute of limitations. Plaintiffs are entitled to damages only from May 16, 2013, forward.

The court finds that plaintiffs are entitled to total damages of $37,981.95. The damages owed to the Building Trades Fund are $3,951.24 ($24,933.90 in contributions and liquidated damages, *see* Dkt. 49-1, offset by the credit of $20,982.66, *see* Dkt. 36, ¶ 7). The damages owed to the Wisconsin Laborers Pension Fund are $34,030.71, in contributions, liquidated damages, and interest, *see* Dkt 49-2.

The court finds that plaintiffs are entitled to $5,832 in attorneys fees and $500 in taxable costs. Dkt. 43.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion for attorney fees, Dkt. 43, is GRANTED.
2. Plaintiff's motion for default judgment, Dkt. 47, is GRANTED in part.

3. The clerk of court is directed to enter judgment in favor of plaintiffs the Wisconsin Laborers Health Fund, the Building & Public Works Laborers Vacation Fund, Wisconsin Laborers Apprenticeship and Training Fund, and the Building Trades United Pension Trust Fund, and their trustees, against defendant R.L. Davis in the amount of $44,313.95.

Entered November 12, 2020.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge